# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**NICHOLE T.,**
**Petitioner Below, Petitioner**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-24 (**Fam Ct. Hardy Cnty. No. FC-16-2011-D-73)

**JAMIE G.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nichole T.[1] appeals the final order denying modification of the parties' 50/50 allocation of custodial responsibility entered by the Family Court of Hardy County on July 8, 2022. She asserts that the family court erred in finding that there was no substantial change in circumstances based solely on the minor child's father, Jamie G., using corporal punishment as a disciplinary method. The child's guardian ad litem responds expressing the opinion that the family court should have modified custody. Respondent Jamie G. responds in support of the family court's ruling. Nichole T. did not file a reply.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In recent years, Nichole T. and Jamie G. have exercised court-ordered shared 50/50 custody of their minor daughter, who is now twelve years old. The child alternates between each parent's home on a weekly basis. Notably, in an order entered in August of 2015, the family court directed that neither party was to utilize corporal punishment to discipline the child.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Petitioner is represented by Lawrence E. Sherman, Jr., Esq. Respondent is represented by Nathan H. Walters, Esq. The guardian ad litem is Marla Zelene Harman, Esq.

1

In November of 2021, Nichole T. filed a motion asking the family court to modify the custody arrangement because Jamie G. has used corporal punishment on the child with a belt and a paddle. She reported that use of the paddle had resulted in the child urinating on herself on more than one occasion, and even the threat of corporal punishment by Jamie G. caused the child to experience overwhelming fear, discomfort, and emotional abuse. Nichole T. represented that the child wished to live full-time with Nichole T. and wanted very little visitation with Jamie G. The child reported that other children in Jamie G.'s home were not similarly punished. Nichole T. also complained that the child was made to share a bedroom with her two stepbrothers, even though Jamie G. had claimed six years earlier that he was building a room in his home for her.

Jamie G. admitted to the family court that he had used corporal punishment, but he opined that it was appropriate discipline for the child's pattern of misbehavior including stealing a cellular telephone from a foster child at school and then deleting all of the data from the telephone. Jamie G. disputed the reports about the child urinating herself, and he asserted that Nichole T. and her partner spanked the child as a disciplinary method. Moreover, Jamie G. contended that Nichole T. discussed these custody proceedings in front of the child, and that construction of the child's room had been delayed but was almost completed.[3]

The guardian ad litem filed a report with the family court indicating her belief that corporal punishment should never be used on children. The guardian ad litem recommended that Jamie G.'s parenting time should be reduced.

After considering the evidence and arguments, the family court found that the child had certain behavioral issues that potentially warranted corporal punishment, and the child "very much needed to understand and know the meaning of 'right' and 'wrong,'" but that Jamie G. had not instituted the punishment in an appropriate manner. The family court further found that none of the issues described by Nichole T. constituted a substantial change in circumstances warranting a modification of the existing parenting plan. The court ordered that neither party, nor each party's significant other, shall use corporal punishment on the child. The court also included other provisions in the final order in an effort to improve the parties' co-parenting skills.[4]

Nichole T. now appeals the family court's order denying modification of the parenting plan. When reviewing a family court order, this Court applies the following standard of review:

_____

[3] In his brief to this court, Jamie G. represents that the child's bedroom is now finished.

[4] According to the parties, the child has indicated that the corporal punishment ceased after entry of the family court's April 25, 2022, order.

2

"In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-IA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

With regard to modification of a parenting plan, West Virginia Code § 48-9-401(a) (2022) provides as follows:

A court shall modify a parenting plan if it finds, on the basis of facts that were not known or have arisen since the entry of a prior order and were not anticipated in the prior order, that a substantial change has occurred in the child or of one or both parents and a modification is necessary to serve the best interests of the child.

The Supreme Court of Appeals of West Virginia has held that "not anticipated" means the parenting plan did not make provisions for the change, not that the change in circumstances could have been anticipated when the original parenting plan order was entered. *Skidmore v. Rogers*, 229 W. Va. 13, 21, 725 S.E.2d 182, 190 (2011).

On appeal, the parties rehash arguments that they made to the family court. Nichole T. asserts that the child experienced fear and emotional abuse because of Jamie G.'s corporal punishment. She contends that the family court erred by disregarding the guardian ad litem's recommendation to modify custody, and that the family court's ruling is not in the child's best interests. Jamie G. argues that his use of corporal punishment was not excessive, there was no substantial change in circumstances warranting modification, the child was also spanked in Nichole T.'s home, and the guardian ad litem's personal opinion regarding corporal punishment should be disregarded.

After review of the record and the parties' arguments, we conclude that the family court did not abuse its discretion in denying the petition to modify custody. Both parties disregarded the 2015 prohibition on corporal punishment, and this situation does not constitute a substantial change in circumstances. Further, the family court did not make any finding that the child was endangered. Although the guardian ad litem recommended modification, the ultimate determination regarding the best interests of a child remains a function of the trial court. *See State ex rel. Jeanne U. v. Canady*, 210 W. Va. 88, 97, 554 S.E.2d 121, 130 (2001).

Accordingly, we affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen